**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                                          CASE NO: 8:17-cr-517-CEH-AAS

OSCAR MARSIGLIA-BARRIOS

**ORDER**

      This cause comes before the Court on Defendant Oscar Marsiglia-Barrios's Motion to Request Credit for Time Served. Doc. 118. Defendant, proceeding *pro se*, asks the Court to award him nineteen months of sentence time credit for a period of incarceration he served in Colombia before he was extradited to the United States. *Id.* at 1–2. Defendant is currently serving a sentence of 204 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine with persons on a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii). Docs. 1, 72.

      The Government responds in opposition and argues that, even if Defendant's claim has merit, the Court lacks jurisdiction to grant any of the relief he seeks because Defendant has not exhausted his administrative remedies. *See* Doc. 122.

      Upon review and consideration, and being duly advised in the premises, the motion is due to be dismissed for lack of jurisdiction because Defendant has not exhausted his administrative remedies.

The Government points to 18 U.S.C. 3585(b) as the statute governing calculation of time-served credit and notes that the Attorney General, acting through the BOP, initially possesses the exclusive authority to compute sentence credit awards after sentencing. *See* Doc. 122. Thus, it asserts that BOP administrative remedies must be exhausted before judicial relief can be sought, and that exhaustion of administrative remedies is jurisdictional. *Id.* at 4–6.

Decisions regarding credit for time spent in custody are indeed made by the United States Bureau of Prisons, not the sentencing court. The Supreme Court has held that 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing." *United States v. Coates,* 775 Fed. Appx. 669, 670–71 (11th Cir. 2019) (citing *United States v. Wilson,* 503 U.S. 329, 334 (1992)). Instead, the Bureau of Prisons has the authority to make that determination. *United States v. Hardy,* 672 Fed. Appx. 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted).

Thus, Defendant must first ask the Bureau of Prisons to credit him time spent in custody in Colombia before he was extradited. If the BOP declines to award credit, he may pursue a "claim through the Bureau's Administrative Remedy Program." *United States v. Leverette,* 721 Fed. Appx. 916, 917 (11th Cir. 2018) (citing 28 C.F.R. §

2

542.10, et seq).[1] After he has exhausted the administrative remedy procedures through the BOP, if he is dissatisfied with the result, he may seek judicial review of the credit computation by way of a petition pursuant to 28 U.S.C. § 2241. *Id.*

Additionally, should Defendant decide to file a petition pursuant to 28 U.S.C. § 2241, he must do so in the federal district court in the district where he is incarcerated. *Fernandez v. United States,* 941 F.2d 1488, 1495 (11th Cir. 1991). Since Defendant states that he is currently serving his sentence at FCI Oakdale II in Oakdale, Louisiana, this Court would not have jurisdiction to hear his § 2241 petition. Accordingly, Defendant's Motion to Request Credit for Time Served (Doc. 118) is **DISMISSED for lack of jurisdiction**.

**DONE** and **ORDERED** in Tampa, Florida on January 15, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Here, there is nothing in the record to indicate that Defendant followed these steps and exhausted his administrative remedies.